## SOLOMON v. SMITH.

1. FRAUDULENT CONVEYANCE OF GOODS AND CHATTELS — PLEADING AND EVIDENCE.— In an action against an officer for goods seized under an attachment against a third person, where the answer alleges that the goods were the property of such third person, and had been fraudulently transferred to plaintiff in order to hinder and cheat his creditors, and that the transfer was fraudulent and simulated, such answer, being replied to, is sufficient to put the fraud in issue, and evidence tending to prove it is admissible.

2. INSTRUCTIONS.— In an action tried to a jury involving the question of a fraudulent transfer of property, wherein the jury is clearly and sufficiently advised of the law applicable to the case by the instructions of the court, an objection that the instructions are erroneous because leaving the question of fraud to the jury is without merit.

*Appeal from District Court of Arapahoe County.*

Mr. V. D. MARKHAM and Messrs. PERRY & CARPENTER, for appellant.

Mr. W. S. DECKER and Mr. T. D. W. YONLEY, for appellee.

RICHMOND, C. This action was brought in the district court of Arapahoe county, May 8, 1884, by appellant, Hinda Solomon, to recover from appellee, Walter A. Smith, certain personal property or its value. By the complaint plaintiff claims she was and is the owner, and entitled to the possession, of the goods, wares and merchandise therein enumerated; and that on the 2d day of May, 1884, defendant, without authority, took and carried away, and unlawfully detains the same; that the alleged cause of seizure is that, in certain suits begun in the circuit court of the United States for the district of Colorado, the said goods, wares and merchandise were seized under a writ of attachment sued out and issued, whereby the defendant seized said goods as the property of one Samuel Bernstein.

The defendant answers, and, after denying plaintiff's ownership and possession, admits that he seized the property by virtue of said writ of attachment as the property

of Samuel Bernstein, issued in certain causes pending in the circuit court of the United States for Colorado, wherein Samuel Bernstein was defendant and others were plaintiffs; alleging that the said property so seized ·was the property of Samuel Bernstein, and that the said Bernstein, intending to cheat, hinder, delay and defraud the plaintiffs in said action and other creditors, and with intent to conceal, remove, and put his effects out of the reach of his said creditors, did fraudulently convey, transfer and assign the goods and chattels mentioned in the complaint to the plaintiff herein; that by the transfer, sale and disposition of such goods and chattels the said plaintiff and the said Bernstein contrived to cheat, hinder and delay and defraud the creditors of the said Bernstein; and that the said transfer was fraudulent, colorable and simulated, and was designed to cover up the property of the said Bernstein.

A demurrer to the answer was interposed, questioning the sufficiency of the defense. Thereafter plaintiff withdrew the demurrer and filed a reply. The question of jurisdiction, and the right of plaintiff to institute this suit against the United States marshal, are eliminated from the case. Three trials were had. The last and final trial resulted in a judgment for defendant, to reverse which judgment this appeal is prosecuted.

Numerous errors are assigned, the principal one being that the defenses to the causes of action mentioned in the complaint were not sufficient, in this: that they failed to specifically allege fraud on the part of Bernstein and the plaintiff against the creditors; hence no evidence tending to prove fraud was admissible under the pleadings; and that the instructions of the court were erroneous because they left the question of fraud to the jury.

A careful review of the abstract will show that the main question for our consideration is whether or not the defenses interposed by the defendant were sufficient. If that is shown, it naturally follows that the objection to the instructions of the court, and the objection to the introduc-

tion of testimony tending to prove fraud, must be over-
ruled. In this case the plaintiff withdrew his demurrer,
and replied to the answer. At least the answer contains a
general allegation of fraud, and the appellee went to trial
upon the issues thus joined, without taking any exception
to the answers on the score of insufficiency. But we are
not inclined to agree with counsel that the answers were
defective. The defenses clearly aver that the sale from
Bernstein to Solomon was colorable and simulated, and for
the purpose of putting his property beyond the reach of
his (Bernstein's) creditors. To use the language of appel-
lee's counsel, "That sale was a sham, and was contrived by
the parties for the sole purpose of swindling creditors."

The question of fraud was directly put in issue by the
complaint, answers and replication. This being so, then
evidence tending to prove that the sale was fictitious and
without value; that the indebtedness between Bernstein
and Solomon was not genuine; and testimony relative to
the manner of transferring the goods from Bernstein to
Solomon; the fact that they were transferred in a lump
without invoice; that they were surreptitiously removed
from one place to another; that a portion of the goods was
exported from the city of Denver, while another portion
was dumped into an express wagon and conveyed through
an alley to an isolated room in the city, with the evident
purpose of concealing them from the officers and the cred-
itors of Bernstein; and the nature of the alleged indebted-
ness as evidenced by the notes,— were all facts and circum-
stances clearly admissible under the issue. Hence, as above
said, we must conclude that the testimony objected to was
admissible, and that the court did not err in overruling the
objections.

The last and only question is the one of instruction. The
instructions were in the nature of a general charge, and,
following the rule of the court heretofore laid down, we
feel prepared to say that, taken as a whole, they clearly
and sufficiently advised the jury of the law applicable to
the case.

The sufficiency of the exception is vigorously challenged; but even conceding this sufficiency, we are clearly of the opinion that the charge to the jury was as favorable to the plaintiff as the evidence warranted. The judgment should be affirmed.

BISSELL and REED, CC., concur.

PER CURIAM. For the reasons stated in the foregoing opinion the judgment is affirmed.

*Affirmed.*

MR. JUSTICE ELLIOTT did not participate in this decision, having tried the cause below.